ORIGINAL

**FILED**

02/09/2022

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: OP 22-0072

Jared Barth
Defendant. Pro se
Superior county Jail
. Po box 99
Superior, MT 59872

**FILED**

FEB 09 2022

Bowen Greenwood
Clerk of Supreme Court
State of Montana

montana supreme court, Helena montana

Jared Barth
defendant
    V
state of montana
respondant

motion for writ
of supervisory control.
cause numbers DC-21-371 and
DC-21-414

see attachments

ORIGINAL

Jared Barth
Defendant, prose
Superior county Jail
Po box 99
Superior, MT 59872

FILED

FEB 09 2022

Bowen Greenwood
Clerk of Supreme Court
State of Montana

Montana supreme court, Helena montana

| Jared Barth<br>defendant<br>V<br>state of montana<br>respondant | cause No. DC-21-414 and DC-21-371<br>Motion for forma paupris |
|---|---|

Defendant Barth, acting pro se, requests This court to proceed in forma Paupris, as defendant is incarcerated in superior county Jail and my inmate account only has a #105.00

Date 1/2/2022

Jared Barth
Po box 99
Superior, MT

(1) State v Weiss, 2019 MT 125, 396 Mont. 1, 443 P.3d 435

(2) State ex rel. King v District court (1924), 70 Mont. 191, 196-97, 224 P. 862, 864.

(3) Miranda v Arizona, 384 U.S 436, 86 S.ct 1602, 16 L.Ed. 2d 694 (1966)

(4) Duckworth v Eagan, 492 U.S. 195, 203, 109 S.ct 2875, 106 L.Ed. 2d 166 (1989)

(5) Strunk v United States, 412 U.S. 434, 440, 93 S.ct 2260 2263, 37 L.Ed. 2d 56 (1973)

(6) Elijah Manuel, petitioner v City of Joliet, Illinois, et al No 14-9496 United States supreme court march 21, 2017

(7) Albright v oliver, 510 U.S 266, 274, 114 S.ct 807, 127 L.Ed. 2d (1994) U.S (2017) 137 S.ct 911, 197 L.Ed. 2d 312, 85 U.S.L.W. 4130, 26 Fla L. weekly fed. S 476, 26 Fla. L. weekly fed S 447

(8) Keating v Sherlock, 278 Mont. 218, 224, 924 P.2d 1297, 1300 (1996)

(9) State v Dist. Ct. of first Jud. Dist. 24 Mont. 537, 63 P. 395, 400 (1900)

# MCA codes

27-11-1101 Definition. As used in this part, "mental Health professional" means:

(1) A certified professional person as defined in 53-21-106;

(2) A physician licensed under Title 37, chapter 3

(3) A professional counselor licensed under title 37, chapter 23;

(4) A psychologist licensed under title 37 chapter 17;

(5) A social worker licensed under title 37, chapter 22; or

(6) An advanced practice registered nurse, as provided for in 37-8-202, with a clinical specialty in psychiatric mental Health nursing

46-13-213(2),

A psychiatrist may not offer an opinion to the jury on the ultimate issue of whether the defendant did or did not have a particular state of mind that is an element of the offense charged

# MCA Codes

Rule 80. Stenographic Transcript as Evidence.

If stenographically reported testimony at a hearing or trial is admissible in evidence at a later trial, the testimony may be proved by a transcript certified by the person who wrote it.

25-31-703. Postponement by motion of court.

The court may, of its own motion, postpone the trial for not exceeding 4 months for good cause.

25-31-705 Postponement upon application of party - proof required.

The trial may be postponed upon the application of either party for a period not exceeding 4 months. The party making the application shall prove, by the party's own oath or otherwise, that the party cannot, for want of material testimony that the party expects to procure, safely proceed to trial and shall show in what respect the testimony expected is material and that the party has used due diligence to procure that testimony and has been unable to do so.

# MCA CODES

MCA 46-13-301. Suppression of confession or admission

(1) A defendant may move to suppress as evidence any confession or admission given by the defendant on the ground that it was involuntary. The motion must be in writing and state facts showing why the confession or admission was involuntary.

(2) If the allegations of the motion state facts that, if true, show that the confession or admission was involuntary, the court shall conduct a hearing into the merits of the motion. The prosecution must prove by a preponderance of the evidence that the confession or admission was voluntary.

(3) The issue of the admissibility of the confession or admission may not be submitted to the jury. If the confession or admission is determined to be admissible, the circumstances surrounding the making of the confession or admission may be submitted to the jury as bearing upon the credibility or the weight to be given to the confession or admission.

# MCA Codes

(4) If the motion is granted, the confession or admission is not admissible in evidence against the movant at the trial of the case.

45-7-207(1)(A)(B). Tampering with or fabricating physical evidence

(1) A person commits the offence of Tampering with or fabricating physical evidence if, believing that an official proceeding or investigation is pending or about to be instituted the person:

(A) alters, destroys, conceals, or removes any record document, or thing with purpose to impair it's verity or availability in the proceeding or investigation

(B) makes, presents, or use any record, document or thing knowing it to be false and with purpose to mislead any person who is or may be engaged in the proceeding or investigation.

# MCA Codes

46-13-302 suppression of evidence

(1) A defendant aggrieved by an unlawful search and seizure may move the court to suppress as evidence anything obtained by the unlawful search and seizure.

(2) If the motion states fact that, if true, would show that the evidense should be suppressed, the court shall hear the merits of the motion at the omnibus hearing or at a later date if the court orders.

(3) If the motion is granted, the evidence is not admissible at trial.

26-1-102(5) permissible use for affidavits. Definition kinds of evidence.

(5) "Direct evidence" is that which proves a fact without an inference or presumption and which in itself, if true, establishes that fact.

(2)(A) ...

# MCA Codes

45-7-203(1)(B) Unsworn falsification to authorities

(1) A person commits an offence under this section if, with the purpose to mislead a public servant in performing an official function, the person:

(B) Purposely creates a false impression in a written application for any pecuniary or other benefit by omitting information necessary to prevent statements from being misleading

26-1-103. Declaration, acts, or omission, which is a part of the transaction

where the declaration, act, or omission forms part of a transaction which is itself the fact in dispute or evidence of that fact, such declaration act, or omission is evidence as part of the transaction.

27-16-1006. Defense against order.

The defendant may apply to the court to be discharged from arrest upon the ground of the insufficiency of paper on which the order of arrest was granted

# MCA Codes

27-16-302. When order vacated or bail reduced.

If upon such application, it satisfactorily appears that there was not sufficient cause for the arrest, the order shall be vacated; or if it satisfactorily appears that the bail was fixed too high, the amount shall be reduced.

46-13-401. Dismissal at instance of court or prosecution.

(1) The court may, either on it's own motion or upon the application of the prosecuting attorney and in furtherance of justice, order a complaint, information, or indictment to be dismissed. However, the court may not order a dismissal of a complaint, information, or indictment, or a count contained in a complaint, information, or indictment, charging a felony, unless good cause for dismissal is shown and the reasons for the dismissal are set forth in an order entered upon the minutes.

# MCA codes

45-3-104 use of force in defense of other property.

A person is justified in the use of force or threat to use force against another when and to the extent that the person reasonably believes that the conduct is necessary to prevent or terminate the other person's trespass on or other tortious or criminal interference with either real property, other then an occupied structure, or personal property lawfully in the person's possession or in the possession of another who is a member of the person's immediate family or household or of a person whose property the person has a legal duty to protect. However, the person is justified in the use of force likely to cause death or serious bodily harm only if the person reasonably believes that the force is necessary to prevent the commission of a forcible felony.

# MCA Codes

45-3-112 Investigation of alleged offence involving claim of Justifiable use of force.

when an investigation is conducted by a peace officer of an incident that appears to have or is alleged to have involved Justifiable use of force, the investigation must be conducted so as to disclose all evidence, including testimony concerning the alleged offense and that might support the apparent or alleged Justifiable use of force.

officer baker did not disclose any testimony but one of mike bobko's Statements (see Probable cause affidavit). This is a violation of above MCA

# Constitution

Sixth Amendment, montana constitution
Article 11, section 24

Rights of the accused. In all criminal
prosecutions the accused shall have the right
to appear and defend in person and by counsel;
to demand the nature and cause of the accusation
to meet the witnesses against him face to face;
to have process to compel the attendance of
witnesses in his behalf, and a speedy public
trial by an impartial jury of the county or
district in which the offense is alleged to
have been committed, subject to the right of
the state to have a change of venue for any
of the causes for which the defendant may
obtain the same.

fourteenth Amendent, montana constitution
Article 11, section 17

Due process of law. No person shall be deprived
of life, liberty, or property without due process
of law.

# Constitution

fourth Amendment, montana constitution
Article 11, section 10 and section 11

Section 10. Right of privacy. The right of individual privacy is essential to the well-being of a free society and shall not be infringed without the showing of a compelling state interes

Section 11. Searches and seizures. The people shall be secure in their persons, papers, homes and effects from unreasonable searches and seizures. No warrant to search any place, or seize any person or thing shall issue without describing the place to be searched or the person or thing to be seized, or without probable cause, supported by oath or affirmation reduced to writing.

Ninth Amendment, montana constitution
Article 11, section 34

The enumeration in the constitution of certain right, shall not be construed to deny or disparage other retained by the people.

# constitution

montana constitution Article VII, section 11

Removal and discipline.

(1) The legislature shall create a Judicial Standards commission consisting of five persons and provide for the appointment thereto of two district judges, one attorney, and two citizens who are neither judges nor attorneys.

(2) the commission shall investigate complaints, and make rules implementing this section. It may subpoena witnesses and documents.

(3) upon recommendation of the commission, The supreme court may:

(A) Retire any Justice or Judge for disability that seriously interferes with the performance of his duties and is or may become permanent; or

(B) censure, suspend, or remove any Justice or Judge for willful misconduct in office, willful and persistent failure to perform his duties, violation of canons of Judicial ethics adopted by the supreme court of the state of montana, or habitual intemperance.

I have been trying to remove stephanie mcknight since August of 2021. on 9/16/21 I contacted the lawyer bar of montana about stephanie mcknight. Talking about some of the things I am going over here. on 9/30/21, stephanie mcknight told Judge Larson that I would not take a mental health exam, which I never said to her. Right after court I took the exam with Dc. scolatt. Stephanie when asked why she lied to the Judge, she said "I thought he just has not came yet" I also talked with Reed mandelko from the Public Defenders about this matter. on this date stephanie asked the Judge for a continuous, so she could write some briefs on my cases. (See omnibus) The continuous, she got was for one month. I asked her to let me see all briefs and motions before submitting them. She will not do so. She also never submitted the briefs or a motion for a bail hearing. She will not get any of the court minutes. My mother (Debra perry) has power of attorney over all my legal matters, but stephanie will not give my mother, the discoverys for both my cases she has. stephanie will not produce the paperwork for writ of Habeas corpus or writ of supervisory control. I called the Public Defenders office for the whole

month of october 2021. I would call two to three time a week, without being able to talk with stephanie. I would talk with the secretary Bridgette, that would connect me to her voice mail. Stephanie will not send or obtain some of the exculpatory evidence I have asked for. This evidence is body camera, car video, audio recordings, and photos. The state will not get my credit card information, cell phone evidence, A statement from a witness about the police. The state is in violation of MCA 46-15-322 (D)(see omnibus) and so is public defender's office by not giving me my exculpatory evidence. When Judge Larson frist asked for a mental health exam, he said I could pick from a list of experts but I was not given a list by the Judge or my attoreny. on 10/28/21, in Larson's court we talk about Dr. Scolatt report saying Jared Barth is fit to proceed to trail. (see exhibit 4) Stephanie said she was fine with Dr. Scolatt findings, District attorney Rich Salois also said the samething. Then when it came to bail he had "no recomm-endations". Judge Larson immediately said that the state might want a second opinion. The state already said they where fine with the findings. (see exhibit 2) So on 11/3/21, stephanie came to the Jail and seen me. So that we could go

over the omnibus paperwork. This was behind glass because of covid 19 concerns. The Jail visting phone said that the conversation was being recorded. The audio can be pulled from the missoula county Jail. Also the conversation was very hard to hear. Stephanie said she would have the private investigator come in and see me. This still has not happened. The date today is 12/27/21. This date said above is the only time I have talked with Stephanie at that point for about 2 months. I still have not been albe to talk with her since then. I went to court a few minutes after I signed the omnibus paperwork. They removed Rich salois and Brittany L. willams came in. She started telling the Judge that I should stay in Jail and she wanted one more exam. But in the omnibus paperwork me, Stephanie, the state (Brittany L. Williams) and Judge Larson agreed that neither party has a mental disease or disorder issue concening the defendant and no examination pursuant to MCA 46-14-201, Will be requested or conducted This is a violation of the above MCA. (You can see attachment named omnibus papers) Stephanie said in open court, that I was in a maniac state, which is not true. Stephanie is not a licensed Mental Health Professional (MCA 27-1-1101

Shows the Definition of a mental health professional (see MCA codes). she is mad I have contacted the montana lawyer bar and have been trying to take her off my cases. Dr. scolatt said in the same hearing I was fit to proceed that was on 11/19/21. Judge larson said he would not take stephanie off my cases. I had told the Judge about my problems and I tryed to show him all my conflict reports (see attachments). That was not the frist time I told him about them. I had to ask him to be Pro se. Really I want a conflict attorney. Because stephanie mcknight has been lying multiple times in open court and doing nothing I have asked of her. she is giving me an inadequate defense. This is a violation of the sixth Amendment and the montana constitution Article ll, section 24. Judge Larson said he would send me a ll page packet to see if I could do so. The court of clerk give Debra perry a memorandum saying that Larson would not send it until he could see from the state hospital that I am fit to proceed. Dr. scolatt said I was fit to proceed and had a good understanding of the law. He also said in open court that if I was in a maniac state it was only at the time of the crime. This is a

violation of MCA 46-13-213(2) (see MCA codes). now this statement can be used at trail against me. (see MCA codes Rule 80). My Trial has been postponed for over 4 months. This is a violation of MCA 25-31-703 and MCA 25-31-705. (See MCA codes). Also my speedy trial Rights have been violated under the Montana consitution Article II, section 24. At one of the hearings Judge Larson told Brittany L. Willams to pull all mental Health records that they know about. What they are pulling is part of an on going case, in a different court. Also these mental Health records have Police statement in them. So by pulling these records, the state has violated MCA 46-13-110 and Rule 404, M.R.E. (see omnibus papers). The court's never asked for a Joiner and severance of offenses pursuant to MCA 46-11-404, 46-13-210, 46-13-211. (see omnibus papers). This matter is out of Municipal court, in Judge Jenks court-room. This is set for trail on 1/21/22. I need help getting the court minutes, they will not release them to me. I can prove that with some of these accusation, I was in a different state. I will be filing a Habeas corpus soon in this matter. Officer Gorr said mike bobko paid me nothing back for the car parts (see Gorr report). which is true. Mike had stolen the

The parts, cell phone and my T-shirt from me. Officer Gorr made multiple false statements about that night. Officer Gorr said the vehicle was immediately described with Oregon registration. This could not have happened because 911 dispatch got my plate number after all the officers got to my house (see 911 call log). He also said that my dad went into the house to get the knife but then said he went into the house with my dad. Gorr and Baker said I told them that I pulled a knife, that it was in the house and they could go inside and get it. These statement are not true at all. I told them they could not search and I did not have a knife on me. The officer's conducted a unreasonable search and seizure. (see State v Weiss, 2019 MT 125, 396 Mont. 1, 443 P.3d 435) [The] court has further held, a defendant's right to privacy is offended under the expanded privacy right under Article II, section 10 and 11. When the nature of intrusion is not reasonable, even when police have a validly held basis to conduct a search. In carrying out the constitutional mandate of Article II, section 10 and 11 to jealously guard the broad right to privacy in Montana. Also (see State ex rel. King v District Court (1924), 70 Mont. 191, 196-97, 224 P. 862, 864) (discussing

Article III, Section 7 of the 1889 Montana constitution, which is identical to Article 11, Section 11 of the 1972 Montana constistution) [The] court also has long recognized that the protection against unreasonable searches and seizures provision in Montana's constitution applies to all people and their homes and effects, without regard to whether criminal conduct is involved. This being said the officer's violated the fourth Amendment and the Montana constitution, Article 11, Section 10 and section 11. The knife must be suppressed under MCA 46-13-302. (see MCA codes). like said above officer Goff and baker made multiple false statements about what I said. They then proceed to question me about what happened, without reading me my rights required by miranda. This makes all the statement whether true or not involuntary and must be under MCA 46-13-301 (see MCA codes). My due process rights have also been violated, This would be the fourteenth Amendment and Montana constitution Article 11, Section 17. Also (see Miranda V Arizona, 384 U.S. 436, 86 S.Ct 1602, 16 L.Ed. 2d 694 (1966). "The inquiry is simply whether the warnings reasonably convey to a suspect his rights as required by miranda". This was said in (Duckworth V Eagan, 492 U.S. 195, 203, 109 S.Ct 2875, 106 L.Ed. 2d

166 (1989). The police took my phone because I said there was a recording of what happened. They will not veiw it with me or obtain a warrant for it. The state and my lawyer is doing the samething. "A ccriminal defendant has a constitutional right to obtain exculpatory evidence and denial of this right is a violation of due process" (see state v Belgarde, 1998 MT 152, ¶ 16, 289 mont. 287, 962 P.2d 571). I also cannot get the state or my lawyer to obtain video and audio from missoula county Jail showing detective Kelan Larson wanting my cell phone pass code, so he could view it alone as he said. The detective then asked my mother (Debra perry) for it. (see mcGarvey v State, 2014 MT 189, ¶ 16, 375 mont. 495, 329 P.3d 576). "In all criminal cases the prosecution has long-established duty to provide to the defense any exculpatory or impeachment evidence in it's possession." There has been a violation of the permissible uses for affidavits MCA 26-1-102(5) (see MCA codes). Officer Baker knowing made and presented the probable cause Affidavit falsely to purposely mislead the prosecution into filing charges. officer baker is guilty of unsworn falsification to authorities MCA 45-7-203(1)(B) (see MCA codes). He concealed the fact mike babko made four

different statements. one more story has come out when mike got interviewed again. officer baker only put one of mikes statement in the probable cause Affidavit (see Affidavit). All of the acts and omissions are part of the whole transaction MCA 26-1-103 (see MCA codes). My omissions never made it in the probable cause Affidavit. They also never said anything about what time it happened, where it happened at, If there been injurys to me or mike. Also did not say if there was a weapon confiscated. This is a violation of Defence against order MCA 27-16-1006 and both officers are guilty of Tampering with or fabricating physical evidence MCA 45-7-207(1)(A)(B) (see MCA codes). There was never sufficient evidence cause for the arrest and this should be vacated MCA 27-16-302. The more time that goes by the more evidences against mike bobko, that comes out. All the law and constitution rights violations are causing the district court to proceed under a mistake of law, which is causing a gross injustice and is a violations of the Ninth Amendment and constitution Article II, section 34. What was talk about in this paper has made clear, that my speedy trail Rights have been violated. The supreme court made very clear is "that dismissal is

The only possible remedy." (see strunk v united states, 412 U.S. 434, 440, 93 S.Ct. 2260 2263, 37 L.Ed. 2d 56 (1973). The government is detaining me absent of probable cause, which is a violation of the fourth Amendment (see Elijah manuel, Petitioner v city of Joliet, Illinois, et al NO 14-9496 united states supreme court march 21, 2017). As reflected in those case, pretrial detention can violate the fourth Amendment not only when it precedes, but also when it follows, the start of legal process. The fourth Amendment prohibit government officials from detaining a person absent probable cause and where legal process has gone forward but has done nothing to satisfy the probable-cause requirement [137 S.Ct. 914] it can not extinguish a detainee's fourth Amendment claim. We can see that "Those constitutional proection apply even after the start of "legal process" in a criminal case" (see Albright v oliver, 510 U.S 266, 274, 114 S.Ct 807, 127 L.Ed. 2d (1994) U.S (2017) 137 S.Ct 911, 197 L.Ed. 2d 312, 85 U.S.L.W. 4130, 26 Fla L. weekly Fed. S 476, 26 Fla. L. weekly fed S 477).

Conclusion and Prayer for Relief

If the constitutional guarantees are to

have any significance, "they require that the prohibition be given effect prior to, not after, the second trial." (see Keating v Sherlock 278 mont. 218, 224, 924 p.2d 1297, 1300 (1996).

"If [I proceeded to] trial and were convicted, he could appeal [and this] court would vacate the conviction. However, vacating the conviction would not change the fact that [my] constitutional rights were violated during trial. Id. Without supervisory control, I will have to sit in Jail through two trials and at least one appeal. Similarly, the alleged victim, the court, The state office of public defender, Jurors, and taxpayer will all have to suffer though two trials over an egregious error that is easily correctable now. Thus, the effect of the unconstitutional ruling on these proceedings is so unfair that "denial of a speedy remedy would be tantamount to a denial of Justice." (see state v Dist. Ct. of First Jud. Dist, 24 mont. 539, 63 p. 395, 400 (1900).

Jared moves the court to:

(1) exercise supervisory control

(2) release me when reviewing this matter

(3) stop me from being sent to warm springs state hospital

(4) Get the court minutes from all 3 cases

(5) Charge officer Baker with the crimes stated in this paper and terminate has employment

(6) investigate Judge larson for willful misconduct in office. See montana constitution Article VII, Section II

(7) move to dismiss above cause numbers MCA 46-13-401(1), DC-21-371, DC-21-414

(8) Charge mike bobko with Assault with a weapon, 45-5-213 criminal destruction of or Tampering with communication device 45-6-106 and Robbery 45-5-401

Respectfully Submitted 1/2/2022

Jared Barth
Pro se, Petitioner

FILED
11/03/2021
*Shirley Faust*
CLERK
Missoula County District Court
STATE OF MONTANA
By: Laura Driscoll
DC-32-2021-0000371-IN
Larson, John W
14.00

Fourth Judicial District
Missoula County Courthouse
Missoula, Montana 59802
Telephone: (406) 258-4780

## MONTANA FOURTH JUDICIAL DISTRICT COURT, MISSOULA COUNTY

STATE OF MONTANA,

Plaintiff,

and

JARED GLENN BARTH,

Defendant,

Dept. No. 3
Cause No. DC-21-371

## OMNIBUS HEARING MEMORANDUM

The Prosecutor and the Defendant's counsel, by signing this memorandum, acknowledge that they have both read the omnibus hearing statute, MCA 46-13-110, and are now prepared to discuss any pretrial matters in addition to and including those matters listed in MCA 46-13-110. Our discussion of and subsequent agreement on these pretrial matters is summarized by this memorandum.

## I.    DISCOVERY

1.    In compliance with MCA 46-15-322, the State shall immediately and on a continuing basis:

a.    Disclose the names, addresses and statements of the State's witnesses (including experts) that the State may call as witnesses in their case-in chief.

b.    Disclose and make available for inspection all physical or documentary evidence in the State's possession that the State may use at trial or which was obtained from or belonged to the Defendant.

c.    Disclose all oral, written or recorded statements made by Defendant to investigating officers or to third persons.

OMNIBUS HEARING MEMORANDUM                                    1

d. Disclose all exculpatory evidence known to the State, including evidence that would tend to reduce the Defendant's potential sentence.

2. In compliance with MCA 46-15-323, the Defendant shall, 30 days after arraignment, and on a continuing basis:

a. Disclose the names, addresses and statements of the Defendant's witnesses (including experts) that the Defendant may call in their case-in-chief.

b. Disclose and make available for inspection all physical or documentary evidence in the Defendant's possession that may be used at trial.

3. Initial discovery shall be completed by complete and on-going. Discovery disputes shall be raised no later than twenty-one (21) days prior to trial (or at the time of the final pre-trial, whichever is earlier);

## II.   CO-DEFENDANT(S)

The Defendant states that there _____ is _✓_ is not a co-defendant in this case.  The name(s)/cause number(s) of the co-defendant(s) is/are

Co-Defendant _____
is represented by _____
Co-Defendant _____
is represented by _____

## III.   FITNESS TO PROCEED

The Defendant's fitness to proceed is at issue: ( )Yes (✓)No. If yes:

a. A psychiatric examination of the Defendant shall be conducted by (the State Hospital) _____
Name of Psychiatrist: _____

b. Further orders: _____
_____

## IV.   INFORMANT, AND SURVEILLANCE

INFORMANT: The State declares that a confidential informant was involved ( )Yes (X)No.  If yes:

The Informant will be called as a witness: ( )Yes ( )No
The State has disclosed the informant's identity: ( )Yes ( )No
The State will disclose the Informant's identity by:_____

ELECTRONIC SURVEILLANCE: The State declares there has been electronic surveillance of the Defendant or his premises: (X)Yes ( )No.  If yes: All material obtained by electronic surveillance has been supplied to the Defendant. DVD of body camera, in car video, audio recordings and photos.

INVESTIGATIVE SUBPOENA: The State declares that an investigative subpoena has been executed: ( )Yes (X)No

All material obtained by the investigative subpoena has been supplied to the Defendant ( )Yes   ( )No.

## V. SUPPRESSION MOTIONS

1.    The Defendant moves, pursuant to MCA 46-13-302, to suppress physical evidence: ( )Yes ( ) No. If yes: _____ Reserve _____

The Defendant's statement of facts and brief filed by: _____
The State's brief filed by: _____
The Defendant's reply brief filed by: _____

2.    The Defendant moves, pursuant to MCA 46-13-301, to suppress Defendant's admission or confession: ( )Yes ( ) No If yes:

The Defendant's brief filed by: _____ Reserve _____
The State's brief filed by: _____
Defendant's reply brief by: _____

(NOTE: The motions will be deemed submitted without a hearing unless a Request for Hearing is submitted prior to the end of the briefing period.)

## VI. OTHER CRIMES, WRONGS OR ACTS/TRANSACTION EVIDENCE

The State intends to introduce evidence of other crimes, wrongs, or acts, or transaction evidence pursuant to Rule 404, M.R.E.: ( )Yes (X)No

If yes, the State declares that all such evidence has been disclosed to counsel for Defendant through the normal discovery process.

1.  The Defendant may file a brief opposing the use of any such evidence by: _____
2.  The State's response brief due on: _____
3.  The Defendant's reply brief due on: _____

(NOTE: The motions will be deemed submitted without a hearing unless a Request for Hearing is submitted prior to the end of the briefing period. If and only if such evidence is discovered later, the exclusion of the evidence may be addressed in a motion in limine)

## VII AFFIRMATIVE DEFENSES

The Defendant is aware of the time limits imposed by MCA 46-15-323 in which Defendant may assert certain defenses.

1. The Defendant will assert an affirmative defense: ( )Yes (✓)No
If yes, the affirmative defense is: _____

_____

2. The Defendant will introduce evidence of good character: ( )Yes (✓)No

3. The names and addresses of all witnesses to be called in support of any affirmative defense or good character, together with all written reports or statements made by them shall be furnished to the State by: _____

4. The State shall furnish the Defendant with the names and addresses of all witnesses the State intends to call, to rebut the Defendant's affirmative defense or good character, by: _____

## VIII   MOTIONS BY THE STATE

The State has pretrial motions: ( )Yes (X)No   If yes: These motions are:

(a) _____

(b) _____

The State's brief filed by: _____

The Defendant's brief filed by: _____

The State's reply brief filed by: _____

_____

(NOTE: The motions will be deemed submitted without a hearing unless a Request for Hearing is submitted prior to the end of the briefing period.)

## IX.   MOTIONS BY THE DEFENDANT

The Defendant has pretrial motions: ( )Yes ( )No If yes:

These motions are: _____ *Reserve* _____

The Defendant's brief filed by: _____

State's response filed by: _____

The Defendant's reply brief filed by: _____

(NOTE: The motions will be deemed submitted without a hearing unless a request for Hearing is submitted prior to the end of the briefing period.)

## X.   PERSISTENT FELONY OFFENDER

Pursuant to MCA 46-13-108, the State will give notice, by separate pleading, if the State seeks to have the Defendant sentenced as a Persistent Felony Offender.

# XI. MENTAL DISEASE OR DISORDER ISSUE

Except for good cause shown concerning fitness to proceed, any mental disease or disorder issue shall be disclosed and discussed at the time of the signing of this omnibus form.

___✓___ Neither party has a mental disease or disorder issue concerning the Defendant and no examination pursuant to MCA 46-14-201 will be requested or conducted.

_____ Yes, the _____ State _____ Defendant has a mental disease or disorder issue. This issue shall be brought to the Court's attention by a motion at the time of the Omnibus hearing so that an examination pursuant to MCA 46-14-201 can be ordered.

# XII. TRIAL PROCEDURE

1. Expected length of trial is: 2 days.

2. The Court will draw a panel consisting of 65 prospective jurors.

   The State waives any right to be present at the drawing and agrees that the panel may be drawn from those individuals who have returned their juror questionnaires: ( x )Yes ( )No.

   Defendant waives any right to be present at the drawing: ( )Yes (✓)No.

   Defendant agrees that the panel may be drawn from those individuals who have returned their juror questionnaires: (✓)Yes ( )No.

3. All motions in limine shall be filed and fully briefed not later than 30 days prior to trial unless upon good cause shown (or at the time of the final pre-trial, whichever is earlier).

4. All standard jury instructions shall be filed prior to voir dire. Additional instructions will be submitted on a showing of good cause.

5. Appropriate Disposition Date: _____

(Note: After this date no plea bargains will be accepted by the Court, nor will any pleas bargains be allowed to be filed after this date.)

## XII. APPOINTMENT OF COUNSEL

As the court-appointed counsel for the Defendant, I acknowledge that this appointment includes the trial of this matter in District Court, post-trial motions, sentencing and, absent specific permission to withdraw, an appeal to the Montana Supreme Court if the Defendant elects to appeal and I do not deem such an appeal to be frivolous. In the event the Defendant wishes to proceed with an appeal I believe has no merit, I will proceed pursuant to the provisions of 46-8103(2), MCA. If the Defendant elects not to appeal, the Defendant and I will sign a written notice of "Election Not to Appeal" and I will file the "Election Not to Appeal" with the Court.

## XIII. STIPULATION OF ENTRY

Counsel for the State and for the Defendant have reviewed this Omnibus Hearing Memorandum and hereby stipulate to its entry by the Court.

DATED this _3rd_ day of _November_ 2021.

/s/ Brittany L. Williams
BRITTANY L. WILLIAMS
Attorney for State of Montana

Stephanie McKnight
Attorney for Defendant

_Reviewed with client_
JARED GLENN BARTH          11/3/21
Defendant

SO ORDERED:

Dated: _____

_____
DISTRICT JUDGE

**OMNIBUS HEARING MEMORANDUM**

Fourth Judicial District
Missoula County Courthouse
Missoula, Montana 59802
Telephone: (406) 258-4780

FILED
11/03/2021
Shirley Faust
CLERK
Missoula County District Court
STATE OF MONTANA
By: Michelle Vipperman
DC-32-2021-0000414-IN
Larson, John W
21.00

## MONTANA FOURTH JUDICIAL DISTRICT COURT, MISSOULA COUNTY

STATE OF MONTANA,

Plaintiff,

and

JARED GLENN BARTH,

Defendant,

Dept. No. 3
Cause No. DC-21-414

## OMNIBUS HEARING MEMORANDUM

The Prosecutor and the Defendant's counsel, by signing this memorandum, acknowledge that they have both read the omnibus hearing statute, MCA 46-13-110, and are now prepared to discuss any pretrial matters in addition to and including those matters listed in MCA 46-13-110. Our discussion of and subsequent agreement on these pretrial matters is summarized by this memorandum.

## I.    DISCOVERY

1.    In compliance with MCA 46-15-322, the State shall immediately and on a continuing basis:

    a.    Disclose the names, addresses and statements of the State's witnesses (including experts) that the State may call as witnesses in their case-in chief.

    b.    Disclose and make available for inspection all physical or documentary evidence in the State's possession that the State may use at trial or which was obtained from or belonged to the Defendant.

    c.    Disclose all oral, written or recorded statements made by Defendant to investigating officers or to third persons.

OMNIBUS HEARING MEMORANDUM

1

d.    Disclose all exculpatory evidence known to the State, including evidence that would tend to reduce the Defendant's potential sentence.

2.    In compliance with MCA 46-15-323, the Defendant shall, 30 days after arraignment, and on a continuing basis:

a.    Disclose the names, addresses and statements of the Defendant's witnesses (including experts) that the Defendant may call in their case-in-chief.

b.    Disclose and make available for inspection all physical or documentary evidence in the Defendant's possession that may be used at trial.

3.    Initial discovery shall be completed by complete and on-going. Discovery disputes shall be raised no later than twenty-one (21) days prior to trial (or at the time of the final pre-trial, whichever is earlier);

## II.    CO-DEFENDANT(S)

The Defendant states that there _____ is ✓ is not a co-defendant in this case. The name(s)/cause number(s) of the co-defendant(s) is/are

Co-Defendant _____
  is represented by _____
Co-Defendant _____
  is represented by _____

## III.    FITNESS TO PROCEED

The Defendant's fitness to proceed is at issue: ( )Yes (✓)No. If yes:

a.    A psychiatric examination of the Defendant shall be conducted by (the State Hospital) _____
Name of Psychiatrist: _____

b.    Further orders: _____

_____

## VI. OTHER CRIMES, WRONGS OR ACTS/TRANSACTION EVIDENCE

The State intends to introduce evidence of other crimes, wrongs, or acts, or transaction evidence pursuant to Rule 404, M.R.E.: ( )Yes (X)No

If yes, the State declares that all such evidence has been disclosed to counsel for Defendant through the normal discovery process.

    1.    The Defendant may file a brief opposing the use of any such evidence by: _____

    2.    The State's response brief due on: _____

    3.    The Defendant's reply brief due on: _____

(NOTE: The motions will be deemed submitted without a hearing unless a Request for Hearing is submitted prior to the end of the briefing period. If and only if such evidence is discovered later, the exclusion of the evidence may be addressed in a motion in limine)

## VII AFFIRMATIVE DEFENSES

The Defendant is aware of the time limits imposed by MCA 46-15-323 in which Defendant may assert certain defenses.

1. The Defendant will assert an affirmative defense: (√)Yes ( )No
If yes, the affirmative defense is: ___Justifiable Use of Force___

2. The Defendant will introduce evidence of good character: (√)Yes ( )No

3. The names and addresses of all witnesses to be called in support of any affirmative defense or good character, together with all written reports or statements made by them shall be furnished to the State by: _30 days prior to trial_

4. The State shall furnish the Defendant with the names and addresses of all witnesses the State intends to call, to rebut the Defendant's affirmative defense or good character, by: ___14 days prior to trial___

OMNIBUS HEARING MEMORANDUM        4

## IV.   INFORMANT, AND SURVEILLANCE

INFORMANT: The State declares that a confidential informant was involved ( )Yes (X)No.   If yes:

    The Informant will be called as a witness: ( )Yes ( )No
    The State has disclosed the informant's identity: ( )Yes ( )No
    The State will disclose the Informant's identity by: _____

ELECTRONIC SURVEILLANCE: The State declares there has been electronic surveillance of the Defendant or his premises: (X)Yes ( )No.   If yes: All material obtained by electronic surveillance has been supplied to the Defendant. DVD of body camera video, in car video, audio recordings and photos.

INVESTIGATIVE SUBPOENA: The State declares that an investigative subpoena has been executed: ( )Yes (X)No

    All material obtained by the investigative subpoena has been supplied to the Defendant ( )Yes ( )No.

## V. SUPPRESSION MOTIONS

1.    The Defendant moves, pursuant to MCA 46-13-302, to suppress physical evidence: ( )Yes ( ) No. If yes: _____ *Reserved* _____

    The Defendant's statement of facts and brief filed by: _____
    The State's brief filed by: _____
    The Defendant's reply brief filed by: _____

2.    The Defendant moves, pursuant to MCA 46-13-301, to suppress Defendant's admission or confession: ( )Yes ( ) No If yes:   *Reserve*

    The Defendant's brief filed by: _____
    The State's brief filed by: _____
    Defendant's reply brief by: _____

(NOTE: The motions will be deemed submitted without a hearing unless a Request for Hearing is submitted prior to the end of the briefing period.)

OMNIBUS HEARING MEMORANDUM         3

## VIII MOTIONS BY THE STATE

The State has pretrial motions: ( )Yes (X)No   If yes: These motions are:

(a) _____

(b) _____

The State's brief filed by: _____
The Defendant's brief filed by: _____
The State's reply brief filed by: _____

(NOTE: The motions will be deemed submitted without a hearing unless a Request for Hearing is submitted prior to the end of the briefing period.)

## IX.   MOTIONS BY THE DEFENDANT

The Defendant has pretrial motions: ( )Yes ( )No If yes:

These motions are: _____ Reserve _____

The Defendant's brief filed by: _____
State's response filed by: _____
The Defendant's reply brief filed by: _____

(NOTE: The motions will be deemed submitted without a hearing unless a request for Hearing is submitted prior to the end of the briefing period.)

## X.   PERSISTENT FELONY OFFENDER

Pursuant to MCA 46-13-108, the State will give notice, by separate pleading, if the State seeks to have the Defendant sentenced as a Persistent Felony Offender.

# XI. MENTAL DISEASE OR DISORDER ISSUE

Except for good cause shown concerning fitness to proceed, any mental disease or disorder issue shall be disclosed and discussed at the time of the signing of this omnibus form.

___✓___ Neither party has a mental disease or disorder issue concerning the Defendant and no examination pursuant to MCA 46-14-201 will be requested or conducted.

_____ Yes, the _____ State _____ Defendant has a mental disease or disorder issue. This issue shall be brought to the Court's attention by a motion at the time of the Omnibus hearing so that an examination pursuant to MCA 46-14-201 can be ordered.

# XII. TRIAL PROCEDURE

1. Expected length of trial is: 3 days.

2. The Court will draw a panel consisting of 65 prospective jurors.

   The State waives any right to be present at the drawing and agrees that the panel may be drawn from those individuals who have returned their juror questionnaires: ( x )Yes ( )No.

   Defendant waives any right to be present at the drawing: ( )Yes (✓)No.

   Defendant agrees that the panel may be drawn from those individuals who have returned their juror questionnaires: (✓)Yes ( )No.

3. All motions in limine shall be filed and fully briefed not later than 30 days prior to trial unless upon good cause shown (or at the time of the final pre-trial, whichever is earlier).

4. All standard jury instructions shall be filed prior to voir dire. Additional instructions will be submitted on a showing of good cause.

5. Appropriate Disposition Date: _____

(Note: After this date no plea bargains will be accepted by the Court, nor will any pleas bargains be allowed to be filed after this date.)

## XII. APPOINTMENT OF COUNSEL

As the court-appointed counsel for the Defendant, I acknowledge that this appointment includes the trial of this matter in District Court, post-trial motions, sentencing and, absent specific permission to withdraw, an appeal to the Montana Supreme Court if the Defendant elects to appeal and I do not deem such an appeal to be frivolous. In the event the Defendant wishes to proceed with an appeal I believe has no merit, I will proceed pursuant to the provisions of 46-8103(2), MCA. If the Defendant elects not to appeal, the Defendant and I will sign a written notice of "Election Not to Appeal" and I will file the "Election Not to Appeal" with the Court.

## XIII. STIPULATION OF ENTRY

Counsel for the State and for the Defendant have reviewed this Omnibus Hearing Memorandum and hereby stipulate to its entry by the Court.

DATED this _3rd_ day of ___November___ 2021.

/s/ Brittany L. Williams
BRITTANY L. WILLIAMS
Attorney for State of Montana

Stephanie McKnight
Attorney for Defendant

_Reviewed with Client_
JARED GLENN BARTH
Defendant                11/3/21

SO ORDERED:

Dated: _____

_____
DISTRICT JUDGE

OMNIBUS HEARING MEMORANDUM

**SUPPLEMENTAL INFORMATION:**

On 07/15/2021 at approximately 1800 hours, I received an email request from MCSO Detective Diebert #448 to clarify the seizure of the knife involved in this incident. Deputy Baker conducted the majority of the interview with Jared Barth, I asked him a few questions to help better understand the events on Futurity Drive. One of the questions I asked Jared, pertained to the alleged knife involved.

I asked Jared about the knife and he was informed the other party, Mr. Bobko accused him of pulling a knife on him and demanding money. Jared immediately became upset with the question and asked Deputies if he was being accused of a crime. Deputy Baker and I explained we were merely inquiring about a "knife," asking if one was involved, if he carried one, and its current location. Jared openly admitted he owned a knife, and pulled a knife during the altercation with Mr. Bobko.

Jared then was asked to produce the knife, to either prove or disprove its relevance in this case. It was my understanding, Mr. Bobko saw and described the knife to Deputy Baker. Jared tried to sway the conversation off topic but would eventually admit he stored the knife inside the house. Jared told Deputies multiple times to "go get the knife," and "it is inside, I'll go get it for you." This was not an option for officer safety concerns. There were multiple family members present during this time, including his father David.

*[handwritten: one more lie from this cop]*

I had spoken to David when I arrived and took a statement from him, so I requested he assist me in securing the knife for evidence. I explained the knife would be beneficial for the case and David agreed by saying, "I don't have any use for it here." David began walking inside the home and I asked if it would be okay if I came inside with him and he said, "yes."

I requested to enter the residence for officer safety concerns. Deputies had not been inside the residence during the interaction up to this point, as Jared was interviewed outside on the porch. Additionally, Jared and David consented to allowing Deputies take possession of the knife and I felt it was not safe for me to allow David to come back out of the house with a weapon.

*[handwritten: need to get a warrant Montana law]*

I followed David inside and he went into a room just off the main open living room. The room was on the left side of the short hallway. I did not ask David who's room he was going into or where he planned on looking for the knife. David went directly to this room and turned on the light, then opened the top dresser drawer and handed me the knife.

From my prior conversation with David, he told me Jared resided with him in the house. I presumed based on the above statement, along with Jared admitting to having, pulling, and then placing the knife somewhere inside that the room and dresser belonged to Jared. The knife was seized and obtained through verbal consent. It was taken to Deputy Baker and turned over to his custody. I stood by while Deputy Baker asked Jared if this was his knife, to which I heard Jared answer in the affirmative, "it's my knife."

*[handwritten: Baker never said in his report]*

After the identification of the knife, I completed a property receipt for the seizure of the weapon used in the commission of the charged crimes. Jared's attention was very quickly changed to another topic, he began yelling and screaming about being falsely accused, requesting an ambulance, and he made additional paranoid statements which he exhibited during the entire contact.

END OF REPORT

S. GORR #451 07/15/2021

What is paranoid about saying I am being falsely accused and I need an ambulance? what are the additional paranoid statements? Why not report?

**OfficerID: MC\sgorr, Narrative**

SUPPLEMENTAL INFORMATION:

On 07/14/2021 at approximately 2244 hours, I was dispatched to 9301 Futurity Drive, Missoula, MT., regarding a disturbance. Dispatch advised there was an open 911 line with lots of screaming, one person was yelling "he has a knife," and "I am being robbed." It was unknown if someone was stabbed and in need of medical attention. I assisted Deputy Baker #442 and Cpl. Koppes #420.

*baker said he got info not the suspect was n scene :ll thats ll 911 says*

While responding to the location, information was relayed the suspect left the area toward HWY 93 N, "WYE." The suspect vehicle was described as a Ford, Ranger, red in color, pickup, with a topper/roof rack. The vehicle was bearing Oregon registration, #912GWY. It should be noted, Deputy Baker relayed he passed a similar vehicle when arriving on scene and it failed to stop.

*did he run? the registatio no! 911 report does not say anything about oregon plates until they got to my house*

The suspect was later identified as Jared Barth, M, DOB: 10-31-1989, by searching local history with Mr. Barth's cell phone which was provided by the victim. I began checking the nearby truck stops and did not locate the suspect vehicle. I responded to the scene to assist Deputy Baker.

INITIAL STATEMENT MIKHAIL BOBKO:

I briefly spoke to the victim, Mikhail Bobko. I learned Mr. Bobko had a business transaction with Mr. Barth involving the sale of wheels. Mr. Bobko agreed to meet Mr. Barth outside his business to discuss "balancing issues," with the wheels and or refunding Mr. Barth for the vehicle parts. Mr. Bobko told me Mr. Barth demanded to be compensated for taking the wheels into "Tire Rama," for balancing which cost him an additional $45.00.

When Mr. Bobko refused to repay the amount for balancing the wheels at Tire Rama, Mr. Barth pulled a knife on him and demanded money. Mr. Bobko said he protected himself by putting his hands up and striking him with a handheld Dewalt flashlight in the head. Mr. Bobko said he then immediately called 911 and left an open line while fighting with Mr. Barth.

ADDITIONAL INFORMATION:

A short time later, Dispatch advised Mr. Barth had called in claiming he was "robbed and struck with a Dewalt battery," Mr. Barth wished to report the crimes and wanted to prosecute Mr. Bobko. Mr. Barth was currently at his father's address 1337 S 4th St. W Missoula, MT. MPD Officers responded to the location and stood by with Mr. Barth until Deputies arrived.

*gorr gets; my dad juse then ne second er they ve descriptio*

Mr. Barth's truck was parked out in front of the residence. The truck contained tires and wheels in the truck bed. The truck matched the above description with the Oregon registration plate.

▮▮▮▮▮▮▮▮▮▮▮▮▮▮

Jared's father, David Barth was present outside the home when Deputy Baker and I

arrived to interview Jared. David told me he was aware of the vehicle parts transaction between Mr. Bobko and his son. He said Jared was not satisfied with the balancing of the wheels. He also said he was sold seats that did not fit his vehicle. David was aware Jared was meeting with Mr. Bobko to try and resolve the issue.

*he was not aware of the meeting that night until I called*

David told me after Jared met with Mr. Bobko he called him upset but he was not aware a disturbance involving a knife had occurred. He told me Jared went there to request repayment for having the wheels balanced by another auto mechanic. I asked David about any knives Jared was known to carry and he was not sure but went inside the home to locate the involved knife.

*does not say a cop went inside with him*

It should be noted, David expressed he believed Jared suffered from a mental illness. He described Jared as being very paranoid and was distrustful of the government. Jared was known to believe "the FBI," were following him. David said Jared had approached a female on the street and accused her of being a FBI agent following him around. David said Jared was in need of a mental evaluation and needed to start taking pills.

### ADDITIONAL STATEMENT FROM MIKHAIL BOBKO:

Mr. Bobko told me he agreed to meet with Jared during the night, as he had been unavailable and out of town prior to this date. Mr. Bobko said, Jared came to his business demanding repayment for the wheel balancing. Mr. Bobko told me he refused to pay the balancing amount but had offered full refund to the parts, approximately $225.00.

Mr. Bobko said after telling Jared he was not going to pay him, Jared pulled a knife out at him and said, "give me my money." Mr. Bobko said Jared approached him with the knife and he raised his hands up for protection and hit Jared with the flashlight. Mr. Bobko told me he never gave Jared any money.

I asked Mr. Bobko how Jared lost his shirt during the altercation and he said he did not know but thought Jared ripped it off and began wrapping it around his arm. He also told me during the altercation, Jared dropped his cell phone so he picked it up and threw it over the fence surrounding his business.

*Why civil aspect if, he didn't pay back anything*

Mr. Bobko feared retaliation from Jared and his family. I explained the criminal process with him and encouraged him to reach out to a victim advocate, along with the civil aspect of the sale/repair with the vehicle parts. Mr. Bobko said he would call the MCSO if Jared returned to his business and caused a disturbance.

### DEPUTY ACTIONS:

*never happened*

I assisted with collecting evidence from David Barth. David allowed me to enter his residence and I walked with him to a bedroom where he went directly to a top dresser drawer and produced a black folding knife. David believed this was Jared's knife, this was later confirmed with Jared by his statements, "yeah that's my knife."

I completed a property receipt for the knife and cell phone. A photocopy of the Tire

*how do you photocopy something out at my dads then give back?*

Rama receipt was obtained and then returned to the family. I then went to Mr. Bobko's residence and provided him with a victim's notice form and clarified some of his statement's, see above.

**WATCHGUARD VIDEO:**

My in-car and body worn cameras were downloaded and saved as evidence.

For further information refer to Deputy Baker's original report.

**END OF REPORT**

S. GORR #451 07/15/2021

On 07-14-21, at approximately 2244 hours, I was dispatched to the area of Futurity Drive and Train Bridge Loop for a subject who called 911 and was yelling "He has a knife!". It should be noted I responded to the area with my emergency lights activated. I was driving southbound on Highway 10 from the Wye and noted a vehicle pull off Futurity Drive and proceed northbound on Highway 10. As I passed that vehicle, I noted it was a red Ford Ranger with a lumber rack. After pulling onto Futurity Drive, dispatch advised me the suspect was associated to an unknown color Ford Ranger. Dispatch then advised me the victim said the suspect was still on scene. Due to the report of the suspect still being on scene and the danger posed if they were, I did not pursue the matching vehicle.

Upon my arrival, I contacted Mikhail "Mike" Bobko. On my initial contact with Mike, he appeared distressed and out of breath. Mike was speaking erratically due to his level of excitement and it took a few minutes for him to regain his breath. Mike was holding a yellow and black flashlight and a cell phone. Below is a summary of my interview with Mike.

Mike owns an auto parts yard at 9301 Futurity Drive. Recently, Mike sold multiple auto parts to a subject whose name he did not remember. He later said he believed the subject was named "Jay" or "Joe". Mike said he communicated with the subject through phone calls and texts. Mike provided me with the phone number he used to contact this subject. Mike provided a phone number of ▇▇▇▇▇▇. Dispatch advised me we have history with a subject owning that number identified as Jared Barth. Mike told me he installed wheels on Jared's vehicle and sold him some other miscellaneous parts. Jared contacted Mike after the sale and was upset because the vehicle was not driving right and wanted to return the parts. Mike said he was not in Missoula when Jared wanted to meet up and Mike would have to text Jared to let him know when he was available. Mike and Jared agreed to meet up at his business on Futurity that evening. Mike said Jared was acting rational and calm when they first met. Mike agreed to take back the parts and give Jared a refund for what he paid. Jared then brought up that the vehicle was pulling to right after mike installed the parts. Jared told Mike he had to go to TireRama and have the tires serviced for $45. Jared wanted Mike to reimburse him for the cost associated from TireRama. Mike told Jared no and Jared became angry with him. Jared pulled out a knife and yelled "Give me the money!". Mike said Jared was holding the knife out in front of him in his right hand and advanced toward Mike. Mike described the blade as a folding knife with a blade length of approximately six inches. Mike said Jared made a stabbing motion toward him with the knife. Mike swung the flashlight up toward the hand Jared had the knife in. Mike said Jared was also holding a cellphone in his other hand which he dropped when Mike hit him. Mike was able to pick up the cell phone and Jared yelled to give back the phone. Mike said he threw the phone over the fence into his auto yard and ran west on Futurity Drive to get away from Jared. Mike said he was hit by Jared multiple times in the back while he ran but did not believe Jared cut him with the knife. Mike said he called 911 and did not see Jared leave.

Mike said he was struck on the head at least once by Jared but was not cut. Mike pointed to a spot on the left side of his head above the temple. I noted a small amount a redness and minor swelling in the area Mike pointed to. I also observed minor abrasion to Mike's left tricep and multiple spots on his back. Mike declined any medical attention. I took photos of Mike's injuries which were included with this

*[Handwritten annotations in margins:]*
*first report never said he hit me*
*never said the first time*
*I told 911 that the knife made contact*
*if Mike ran off, then called 911 ha would I know if he called 911 or not?*
*did not say in first report*
*he said he called 911 and left the line open*



report. I located the cell phone approximately 15 feet inside the rolling gate to Mike's business. The cell phone had a cracked screen and would not turn on.

While speaking with Mike, dispatch advised me they received a call from Jared who advised he was at his parent's house at 1337  S 4th Street W in Missoula. Jared told dispatch he wanted to report being robbed. While enroute to speak with Jared, dispatch further advised Missoula City PD was standing by at the residence with Jared waiting for my arrival.

Upon my arrival to 1337 S 4th Street W, I located Jared seated on the steps of the residence with two Missoula PD officers standing next to him. Below is a summary of my interview with Jared.

Jared said he purchased multiple car parts from Mike and Mike was supposed to mount and balance rims for $45. Jared got the vehicle back to his residence and noticed the vehicle was not acting right. Jared took the vehicle into TireRama and had the tires balanced. Jared said a seat he bought from Mike also was not compatible with his pickup. On 07-14-21 at 1500 hours, Jared called Mike and Mike said he was out of town. Jared called Mike again at 2000 hours and Mike's son answered and told Jared Mike was in Seely Lake and would call him back. Mike called Jared back around 2100 hours and Jared went to the business on Futurity to meet with Mike. I asked Jared what his intention was to meet with Mike. Jared told me he wanted to get his money back. Jared said he was on the phone with his dad initially but hung up in order to record Mike with the phone. Jared said he told Mike that he was recording him. Jared said Mike immediately hit him in the head with the flashlight Mike was holding. I asked Jared if Mike said anything to Jared prior to hitting him. Jared said no and that Mike immediately hit him. Jared also said Mike took Jared's shirt at some point during the fight. I asked what prompted Jared to record Mike and he said because Mike told him he would not give him his money back. Jared said Mike took the cellphone and ran away from him. Jared said he yelled, "he's robbing me". Jared said he ran to his truck and left. Jared said he passed a police vehicle with it's emergency lights on. I asked Jared if he attempted to stop or flag down the vehicle. Jared said no because he did not want to "cause a scene in the middle of the road". I asked Jared if he attempted to defend himself in any way after Mike hit him. Jared paused and said, "I think I've just explained everything sir." I explained to Jared the importance of the question and he said he already told the story two or three times, and it was not changing. Jared said he defended himself by backing away from the situation. I asked Jared where the knife was. Jared repeated my question and said, "it's in the house". I asked Jared what happened with the knife. Jared began to ask if I had a recording of the incident. I got Jared back on track by asking what happened with the knife on Futurity. Jared said he pulled it out to defend himself. When I attempted to clarify when he pulled out the knife, Jared just said "I don't know" multiple times.

Deputy Gorr asked Jared if he called 911 and Jared said no because Mike took his phone. Deputy Gorr asked if Mike called 911 and Jared said yes. When Deputy Gorr attempted to ask further questions, Jared did not respond to the questions and began saying it was an armed robbery and he could have a concussion or memory loss after being assaulted.

I said he was acting weird?
never said
i said it
iad no knife
s what is said
Gorr never said this in his report



*told him he could't r dat spark?*

I asked Jared if we could see the knife to obtain any evidence or match the description of the knife. Jared began disagreeing with me about needing to see the knife. I asked Jared again and he avoided answering my questions regarding the knife.

At this point, I instructed Jared to stand and placed him under arrest in handcuffs. Jared did not resist me placing him in handcuffs but began yelling for his family to "call the district attorney and raise all kinds of fuss". I placed Jared in the backseat of my patrol vehicle. I read Jared his Miranda Rights and asked if he understood them. Jared stared at me and did not answer. I asked Jared if he understood them and he said he was not, "No sir, I wasn't listening." I read Jared his rights a second time and he said he understood them. I told Jared I had his cell phone and asked multiple times if I could open it to view the video he claims was recorded. Jared said only if we viewed it together. I told Jared that wasn't possible since the phone was dead, and I would need to view it later after charging it. Jared refused to give me permission or a code to the phone. I noted a black shirt on the seat of Jared's truck. I asked Jared what shirt he was wearing and he said it was a black shirt with a Santa Cruz logo. I asked Jared if he knew where his shirt was and he said Mike stole it. When I told Jared his shirt was in his truck, he started laughing and said Mike took it off his back and stole his phone. I asked Jared why Mike steal Jared's phone then give it to me and put Jared's shirt back in his truck. Jared said he didn't know. When asked why Mike would call 911, Jared said Mike hit him then tried to play the victim.

*made 7 statement, it had a cracked screen*

Prior to leaving, I spoke with David Barth, who advised he was Jared's father. David told me he was speaking with Jared on the phone while the confrontation with Mike occurred. David remembered hearing Mike say, "why didn't you bring it to me?" and Jared replied, "you told me to take care of it". David said the argument sounded like it was becoming more heated and then disconnected. David said he did not hear anything else over the phone.

Jared was arrested and transported to Missoula County Detention Center. Jared was booked on Assault with a weapon and robbery. Due to the phone allegedly containing a video of the incident, the phone and the knife were collected as evidence. David showed me a copy of a receipt from TireRama dated on 07-13-21 for $40. I took a photo of the receipt and returned it to David.

Deputy Gorr later re-interviewed Mike. Please see his supplemental report for further.

It should be noted my body and car cameras were activated during this incident. Please see those recordings for further.

PLease forward to the County Attorney's office for review.

# MONTANA DISTRICT COURT
# MISSOULA COUNTY

## MINUTE ENTRY

**Date:** 11/19/2021 01:30 PM

**Hearing Type:** Evidentiary

**Case Number:** DC-32-2021-0000371-IN

**Presiding Judge:** John W Larson

**State of Montana vs. Jared Glenn Barth**
**Courtroom:** 3

**Department:**

**Charge(s):**

Criminal Mischief Pecuniary Loss More Than $1,500

Appearances: Prosecution Attorney, Brittany Williams. Attorney Stephanie McKnight appears with Defendant, Jared Glenn Barth, who appears from the Missoula County Detention Center. Also present were Jennifer Wells; Court Reporter and Michelle Vipperman; Court Clerk.

Dr. Scolatti was sworn and testified. The Defendant advised that he wants a new attorney. The Court advised that there is a form to fill out and submit to the public defender's office. The Defendant advised that he would like to represent himself. The Court advised that Ms. McKnight remains as his counsel, for the Defendant to go through the proper procedure to request new counsel, and should the Defendant be found fit to proceed the Court will provide a Waiver regarding self-representation. Ms. McKnight reserved on a Gallagher hearing outside the presence of the State. The Court stayed further proceedings until the State Hospital prepares an evaluation.

| Date/Time | User | Action | Description | MachineID |
|-----------|------|--------|-------------|-----------|
| 07/15/2021 00:43:31 | JMachado | Call Cleared | Close Call | CAD5 |
| 07/15/2021 00:43:30 | JMachado | Unit Status Action | Unit 420 Available | CAD5 |
| 07/15/2021 00:43:26 | JMachado | Unit Status Action | Unit 442 Available | CAD5 |
| 07/15/2021 00:23:51 | JMachado | Unit Status Action | Unit 451 rerouted to call 57 | CAD5 |
| 07/15/2021 00:23:51 | JMachado | Call Stack | Call placed on unit 451's stack | CAD5 |
| 07/15/2021 00:16:40 | JMachado | Narrative Added | tape req submitted | CAD5 |
| 07/15/2021 00:14:16 | JMachado | Unit Status Action | Unit 442 At Jail | CAD5 |
| 07/15/2021 00:14:16 | JMachado | Unit Status Action | Unit 420 At Jail | CAD5 |
| 07/15/2021 00:14:08 | JMachado | Unit Location | Unit 451 Secondary Location Updated: a6 | CAD5 |
| 07/15/2021 00:13:34 | JMachado | Narrative Added | req 911 tapes-451 | CAD5 |
| 07/15/2021 00:10:10 | JMachado | Unit Status Action | Unit 420 Enroute Jail | CAD5 |
| 07/15/2021 00:10:10 | JMachado | Unit Status Action | Unit 442 Enroute Jail | CAD5 |
| 07/15/2021 00:10:10 | JMachado | Unit Location | Unit 420 Secondary Location Updated: Jail | CAD5 |
| 07/15/2021 00:10:10 | JMachado | Unit Location | Unit 442 Secondary Location Updated: Jail | CAD5 |
| 07/15/2021 00:03:12 | TMay | Unit Status Action | Unit C127 Available | CAD2 |
| 07/15/2021 00:03:07 | TMay | Unit Status Action | Unit C398 Available | CAD2 |
| 07/15/2021 00:00:48 | JMachado | Narrative Added | 10-15 -451 | CAD5 |
| 07/14/2021 23:37:12 | JMachado | Unit Location | Unit 451 Secondary Location: 1337 s 4th st w | CAD5 |
| 07/14/2021 23:37:12 | JMachado | Unit Location | Unit 420 Secondary Location Updated: 1337 s 4th st w | CAD5 |
| 07/14/2021 23:37:12 | JMachado | Unit Location | Unit 442 Secondary Location Updated: 1337 s 4th st w | CAD5 |
| 07/14/2021 23:36:59 | JMachado | Unit Status Action | Unit 451 Off Scene | CAD5 |
| 07/14/2021 23:36:32 | TMay | Narrative Added | 10-12 W/ JARED  C398 | CAD2 |
| 07/14/2021 23:25:14 | TMay | Unit Status Action | Unit C127 Off Scene | CAD2 |
| 07/14/2021 23:25:14 | TMay | Unit Location | Unit C127 Secondary Location Updated: 1337 s 4th | CAD2 |
| 07/14/2021 23:24:41 | LWilson | Vehicle Deleted | Vehicle Deleted: LicenseNumber - 486515b; License State - Montana; Role - Plate Inquiry; Plate Type - Passenger Car; | CAD3 |
| 07/14/2021 23:24:28 | JMachado | Unit Status Action | Unit 442 Off Scene | CAD5 |
| 07/14/2021 23:24:28 | JMachado | Unit Status Action | Unit 420 Off Scene | CAD5 |

| Date/Time | User | Action | Detail | CAD |
|---|---|---|---|---|
| 07/14/2021 23:24:28 | JMachado | Unit Location | Unit 420 Secondary Location: er 1337 s4th st w | CAD5 |
| 07/14/2021 23:24:28 | JMachado | Unit Location | Unit 442 Secondary Location: er 1337 s4th st w | CAD5 |
| 07/14/2021 23:23:28 | TMay | Person Added | Person Added: Last Name - olson; First Name - david; Role - Inquiry; | CAD2 |
| 07/14/2021 23:23:16 | TMay | Vehicle Added | Vehicle Added: Plate Number - 912gwy; License State - OR; Role - Plate Inquiry; | CAD2 |
| 07/14/2021 23:21:20 | TMay | Unit Status Action | Unit C398 Off Scene | CAD2 |
| 07/14/2021 23:21:20 | TMay | Unit Location | Unit C398 Secondary Location Updated: 1337 s 4th st | CAD2 |
| 07/14/2021 23:20:42 | TMay | Unit Status Action | Unit C398 Enrt Off Scene | CAD2 |
| 07/14/2021 23:20:42 | TMay | Unit Status Action | Unit C127 Enrt Off Scene | CAD2 |
| 07/14/2021 23:20:42 | TMay | Unit Location | Unit C398 Secondary Location: er 1337 s 4th st | CAD2 |
| 07/14/2021 23:20:42 | TMay | Unit Location | Unit C127 Secondary Location: er 1337 s 4th st | CAD2 |
| 07/14/2021 23:20:18 | TMay | Unit Status Action | Unit C398 Dispatched | CAD2 |
| 07/14/2021 23:20:18 | TMay | Unit Status Action | Unit C127 Dispatched | CAD2 |
| 07/14/2021 23:20:18 | TMay | Incident Created | Added Incident Number, ORI: MT0320100, Number: 2021-00028472 | |
| 07/14/2021 23:20:18 | TMay | Unit Location | Unit C398 Secondary Location: Secondary Location Cleared | CAD2 |
| 07/14/2021 23:20:18 | TMay | Unit Location | Unit C127 Secondary Location: Secondary Location Cleared | CAD2 |
| 07/14/2021 23:18:40 | ALechleitner | Narrative Added | 2c front light will be on, req 10-5 | CAD6 |
| 07/14/2021 23:17:45 | ALechleitner | Narrative Added | 2c is jared barth ███████ | CAD6 |
| 07/14/2021 23:17:21 | ALechleitner | Narrative Added | 2c says there was also a theft of his shirt, cellphone, , and used parts | CAD6 |
| 07/14/2021 23:17:01 | ALechleitner | Narrative Added | 2c wants officer contact, says this is all recorded, wants to press charges | CAD6 |
| 07/14/2021 23:16:41 | ALechleitner | Narrative Added | 2c is at his father's house 1337 s 4th st w | CAD6 |
| 07/14/2021 23:16:24 | ALechleitner | Narrative Added | 2c is req medical, now refusing | CAD6 |
| 07/14/2021 23:16:14 | ALechleitner | Narrative Added | 2c says mike hit him w/ a dewalt battery | CAD6 |
| 07/14/2021 23:16:08 | LWilson | Vehicle Added | Vehicle Added: Plate Number - 486515b; License State - MT; Role - Plate Inquiry; Plate Type - PC Passenger Car; | CAD3 |
| 07/14/2021 23:16:08 | LWilson | Plate History Found | Plate History found for 486515b. Call 946 - Extra Patrol - Forest Land | CAD3 |
| 07/14/2021 23:15:50 | ALechleitner | Narrative Added | 2c there was an issue w/ mike not performing maintenance on 2c's car | CAD6 |
| 07/14/2021 23:15:22 | ALechleitner | Narrative Added | 2c mike asked c to meet him there | CAD6 |
| 07/14/2021 23:15:07 | ALechleitner | Narrative Added | 2c says he was robbed at this address | CAD6 |
| 07/14/2021 23:14:59 | ALechleitner | Narrative Added | 2c says Mike called him to go to futurity | CAD6 |
| 07/14/2021 23:14:36 | TMay | Link Calls | Calls: 41 | CAD2 |
| 07/14/2021 23:13 | LWilson | Narrative Added | will 352 8th st -c398 | CAD3 |

*[handwritten margin notes: "at house when they got Plate #", "at my home but never made a report"]*

| :00 | | | | |
|---|---|---|---|---|
| 07/14/2021 23:12 :56 | LWilson | Narrative Added | s has been helping dad w/ construction in that area-c398 | CAD3 |
| 07/14/2021 23:12 :08 | LWilson | Narrative Added | last contact with m on 7/12/2021 at 1623 1/2 s 8th st w - dad's address right in that area-c398 | CAD3 |
| 07/14/2021 23:10 :25 | JMachado | Person Added | Person Added: Last Name - mikhail; First Name - bobko; Role - Inquiry; DOB       Sex - M; | CAD5 |
| 07/14/2021 23:10 :04 | JMachado | Unit Status Action | Unit 451 On Scene | CAD5 |
| 07/14/2021 23:09 :52 | JMachado | Person Added | Person Added: Last Name - m; Role - Inquiry; | CAD5 |
| 07/14/2021 23:09 :24 | JMachado | Person Added | Person Added: Last Name - bobko; First Name - mikhail; Role - Inquiry; DOB -       Sex - M; DL State - MT; | CAD5 |
| 07/14/2021 23:08 :53 | JMachado | Narrative Added | bolo for jared for robbery in red ranger w/ roof rack -420 | CAD5 |
| 07/14/2021 23:07 :32 | JMachado | Person Updated | Person Barth, Jared Updated: Name Changed from barth, jared to Barth, Jared GlennAddress Added - 1000 W 7TH AVE C; Contact Phone Added - (406) ██████ DOB Added - 1989-10-31; Sex Added - M; Race Added - White; Ethnicity Added - Non-Hispanic; Hair Color Added - Blonde; Eye Color Added - Blue; Driver License Added - 1012519894131; DL State Added - MT; SSN Added - ████████Height Added - 5'7"; Weight Added - 175.0; | CAD5 |
| 07/14/2021 23:07 :32 | system user - New World Systems | Alerts Retrieval | Alerts Were Successfully Gathered For Global Subject Named: (Barth, Jared) | NWPSCADPROD |
| 07/14/2021 23:07 :08 | JMachado | Person Added | Person Added: Last Name - barth; First Name - jared; Role - Inquiry; | CAD5 |
| 07/14/2021 23:05 :35 | JMachado | Narrative Added | poss susp ██████ check history -442 | CAD5 |
| 07/14/2021 22:53 :24 | LWilson | Unit Status Action | Unit 361 Available | CAD3 |
| 07/14/2021 22:53 :24 | LWilson | Call Closed By Agency | Fire Call Closed | CAD3 |
| 07/14/2021 22:53 :21 | LWilson | Unit Status Action | Unit 819 Available | CAD3 |
| 07/14/2021 22:53 :16 | LWilson | Unit Status Action | Unit 321 Available | CAD3 |
| 07/14/2021 22:53 :16 | LWilson | Unit Status Action | Unit 878 Available | CAD3 |
| 07/14/2021 22:53 :16 | LWilson | Unit Status Action | Unit MED2 Available | CAD3 |
| 07/14/2021 22:52 :44 | Autum Eggers - E2 | Narrative Added | DENYING MEDICAL 442 | CAD4 |
| 07/14/2021 22:52 :27 | Autum Eggers - E2 | Narrative Added | wma, mid 20's, whi shirt, tall about 510 w/med build -442 | CAD4 |
| 07/14/2021 22:52 :06 | LWilson | Unit Status Action | Unit 321 Enroute | CAD3 |
| 07/14/2021 22:50 :59 | LWilson | Unit Location | Unit 819 Secondary Location: Secondary Location Cleared | CAD3 |
| 07/14/2021 22:50 :59 | LWilson | Unit Status Action | Unit 819 Enroute | CAD3 |
| 07/14/2021 22:49 :10 | LWilson | Unit Status Action | Unit MED2 Enroute | CAD3 |
| 07/14/2021 22:49 :10 | LWilson | Unit Location | Unit MED2 Secondary Location: Secondary Location Cleared | CAD3 |
| 07/14/2021 22:48 :54 | Autum Eggers - E2 | Narrative Added | PASSED A RED ONE - MAY HAVE A TOPPER, LOOKS LIKE A FORD EXPLORER 420 | CAD4 |
| 07/14/2021 22:48 | Autum Eggers - E2 | Narrative Added | S LEFT IN FORD RANGER W/ROOF RACK - LE POSSIBLY PASS | CAD4 |

*#442 baker gave what Defendant looks like but never said were he got information*

*# 420 report*

| Time | User | Action | Description | CAD |
|---|---|---|---|---|
| :18 | | | | |
| 07/14/2021 22:47:59 | Autum Eggers - E2 | Narrative Added | ED VEH NEAR THE WYE 442<br>OUT W/920 442 | CAD4 |
| 07/14/2021 22:47:51 | LWilson | Unit Status Action | Unit RF1 Available | CAD3 |
| 07/14/2021 22:47:51 | LWilson | Unit Status Action | Unit FT1 Available | CAD3 |
| 07/14/2021 22:47:51 | LWilson | Unit Status Action | Unit MESI1 Available | CAD3 |
| 07/14/2021 22:47:19 | ALechleitner | Narrative Added | c is outside, can see an officer | CAD6 |
| 07/14/2021 22:47:07 | Autum Eggers - E2 | Unit Status Action | Unit 442 On Scene | CAD4 |
| 07/14/2021 22:47:07 | Autum Eggers - E2 | Unit Status Action | Unit 420 On Scene | CAD4 |
| 07/14/2021 22:47:05 | LWilson | Unit Status Action | Unit 878 Dispatched | CAD3 |
| 07/14/2021 22:47:05 | LWilson | Unit Status Action | Unit 361 Dispatched | CAD3 |
| 07/14/2021 22:47:05 | LWilson | Unit Status Action | Unit FT1 Dispatched | CAD3 |
| 07/14/2021 22:47:05 | LWilson | Unit Status Action | Unit RF1 Dispatched | CAD3 |
| 07/14/2021 22:47:05 | LWilson | Unit Status Action | Unit MESI1 Dispatched | CAD3 |
| 07/14/2021 22:47:05 | LWilson | Unit Status Action | Unit 321 Dispatched | CAD3 |
| 07/14/2021 22:47:05 | LWilson | Paging Action | Attempting to page the following pagers: Frenchtown, MESI,RuralFire | CAD3 |
| 07/14/2021 22:47:00 | LWilson | Unit Recommendation | Recommendation accepted for units: 361, 321, 878, MESI1, RF1, FT1. | CAD3 |
| 07/14/2021 22:47:00 | LWilson | Unit Status Action | Unit 361 Stand-By Missoula Rural Fire Stati | CAD3 |
| 07/14/2021 22:47:00 | LWilson | Unit Status Action | Unit 361 Stand By | CAD3 |
| 07/14/2021 22:47:00 | LWilson | Unit Status Action | Unit 321 Stand-By Missoula Rural Fire Stati | CAD3 |
| 07/14/2021 22:47:00 | LWilson | Unit Status Action | Unit 321 Stand By | CAD3 |
| 07/14/2021 22:47:00 | LWilson | Unit Status Action | Unit 878 Stand-By Frenchtown Fire Station 7 | CAD3 |
| 07/14/2021 22:47:00 | LWilson | Unit Status Action | Unit 878 Stand By | CAD3 |
| 07/14/2021 22:47:00 | LWilson | Unit Status Action | Unit MESI1 Stand-By Missoula Emergency Servic | CAD3 |
| 07/14/2021 22:47:00 | LWilson | Unit Status Action | Unit MESI1 Stand By | CAD3 |
| 07/14/2021 22:47:00 | LWilson | Unit Status Action | Unit RF1 Stand-By Missoula Rural Fire Stati | CAD3 |
| 07/14/2021 22:47:00 | LWilson | Unit Status Action | Unit RF1 Stand By | CAD3 |
| 07/14/2021 22:47:00 | LWilson | Incident Created | Added Incident Number, ORI: 04011    , Number: 2021-00001767 | |
| 07/14/2021 22:47:00 | LWilson | Unit Status Action | Unit FT1 Stand-By Frenchtown Fire Station 1 | CAD3 |
| 07/14/2021 22:47:00 | LWilson | Unit Status Action | Unit FT1 Stand By | CAD3 |
| 07/14/2021 22:47:00 | LWilson | Unit Recommendation | Recommendation completed for units: 361, 321, 878, MESI1, RF1, FT1. | CAD3 |
| 07/14/2021 22:47 | LWilson | Incident Created | Added Incident Number, ORI: 04012    , Number: 2021- | |

| Time | User | Action | Detail | CAD |
|---|---|---|---|---|
| 07/14/2021 22:47 :00 | LWilson | Incident Created | 00000456 Added Incident Number, ORI: MESI , Number: 2021-00006451 | |
| 07/14/2021 22:46 :00 | ALechleitner | Call Updated | Additional Location Info auto parts Added | CAD6 |
| 07/14/2021 22:46 :58 | ALechleitner | Narrative Added | m should still be on sc | CAD6 |
| 07/14/2021 22:46 :48 | ALechleitner | Narrative Added | m susp in a ford ranger, poss green or red | CAD6 |
| 07/14/2021 22:46 :41 | Autum Eggers - E2 | Person Updated | Person Bobko, Mike Updated: Name Changed from bobko, mike to Bobko, Mike MAddress Added - 9301 FUTURITY DR, Missoula; Contact Phone Added - (406) ████ DOB Added - Sex Added - M; Race Added - White; | CAD4 |
| 07/14/2021 22:46 :39 | system user - New World Systems | Alerts Retrieval | Alerts Were Successfully Gathered For Global Subject Named: (Bobko, Mike) | NWPSCADPROD |
| 07/14/2021 22:46 :39 | LWilson | Unit Recommendation | Recommendation viewed for units : 361, 321, 878, MES I1, RF1, FT1 | CAD3 |
| 07/14/2021 22:46 :36 | LWilson | Call Type | Fire Call Type Changed From Choose Call Type ------- -> To Call Type: MedicaL Standby ALS, Status: In Pro gress, Priority: High | CAD3 |
| 07/14/2021 22:46 :32 | ALechleitner | Narrative Added | neg desc of susp, only 1 m | CAD6 |
| 07/14/2021 22:46 :32 | LWilson | Agency Context Added/Updated | Fire Call Type Added. Call Type: Choose Call Type -- ------>, Status: In Progress, Priority: High | CAD3 |
| 07/14/2021 22:46 :21 | ALechleitner | Narrative Added | c saying c ran away, unk how hes hurt | CAD6 |
| 07/14/2021 22:46 :16 | LWilson | Narrative Added | hx of number is mike bobko | CAD3 |
| 07/14/2021 22:46 :13 | ALechleitner | Narrative Added | c saying he was "hit by the knife" unk if stabbed | CAD6 |
| 07/14/2021 22:46 :10 | LWilson | Person Added | Person Added: Last Name - bobko; First Name - mike; Role - Inquiry; | CAD3 |
| 07/14/2021 22:45 :56 | ALechleitner | Location | Cross streets updated, TRAIN BRIDGE LOOP / TRAIN BR IDGE LOOP | CAD6 |
| 07/14/2021 22:45 :55 | ALechleitner | Location | Call Location Changed from 6903 TRAIN BRIDGE LOOP, M issoula to 9301 FUTURITY DR, Missoula | CAD6 |
| 07/14/2021 22:45 :55 | system user - New World Systems | Alerts Retrieval | Alerts Were Successfully Gathered For Location At Ad dress 9301 FUTURITY DR | NWPSCADPROD |
| 07/14/2021 22:45 :38 | ALechleitner | Narrative Added | several voices heard, one yelling "Im being robbed" | CAD6 |
| 07/14/2021 22:45 :31 | Autum Eggers - E2 | Unit Location | Unit 451 Secondary Location: Secondary Location Clea red | CAD4 |
| 07/14/2021 22:45 :31 | Autum Eggers - E2 | Unit Status Action | Unit 451 Dispatched | CAD4 |
| 07/14/2021 22:45 :24 | ALechleitner | Narrative Added | m keeps yelling help, so do others | CAD6 |
| 07/14/2021 22:45 :13 | ALechleitner | Narrative Added | caller just yelling, others yelling, lots of muffled sounds | CAD6 |
| 07/14/2021 22:45 :06 | Autum Eggers - E2 | Incident Created | Added Incident Number, ORI: MT0320000, Number: 2021-00011947 | |
| 07/14/2021 22:45 :06 | Autum Eggers - E2 | Unit Status Action | Unit 442 rerouted from call 28 | CAD4 |
| 07/14/2021 22:45 :06 | Autum Eggers - E2 | Unit Status Action | Unit 420 rerouted from call 28 | CAD4 |
| 07/14/2021 22:44 :59 | ALechleitner | Narrative Added | 911, can hardly hear " siomeone yelling he has a kni fe" | CAD6 |
| 07/14/2021 22:44 :56 | Autum Eggers - E2 | Call Ready for Dispatch | Call marked ready for dispatch | CAD4 |
| 07/14/2021 22:44 | ALechleitner | Narrative Added | m has a knife | CAD6 |

*(handwritten margin notes)*

mike said he did not know what the Person looked like

Mike said

if Mike said this how can you hardly hear when the cops said he had phone in hand when th...

:45

| Date/Time | User | Action | Details | System |
|---|---|---|---|---|
| 07/14/2021 22:44:41 | ALechleitner | Agency Context Added/Updated | Police Call Type Added. Call Type: Disturbance, Status: In Progress, Priority: High | CAD6 |
| 07/14/2021 22:44:39 | ALechleitner | Location | Call Location Changed from 46.94023\|-114.12671 to 6903 TRAIN BRIDGE LOOP, Missoula | CAD6 |
| 07/14/2021 22:44:39 | system user - New World Systems | Alerts Retrieval | Alerts Were Successfully Gathered For Location At Address 6903 TRAIN BRIDGE LOOP | NWPSCADPROD |
| 07/14/2021 22:44:39 | ALechleitner | Location | Cross streets updated, FUTURITY DR / FUTURITY DR | CAD6 |
| 07/14/2021 22:44:33 | ALechleitner | Location | Call Location Changed from 46.89574\|-114.09303 to 46.94023\|-114.12671, Source: RapidSOS (07/14/2021 22:44:07) | CAD6 |
| 07/14/2021 22:44:33 | system user - New World Systems | Alerts Retrieval | Alerts Were Successfully Gathered For Location At Address 46.94023\|-114.12671 | NWPSCADPROD |
| 07/14/2021 22:44:33 | ALechleitner | Location | Cross streets updated, DEAD END / DEAD END | CAD6 |
| 07/14/2021 22:44:26 | ALechleitner | Narrative Added | lots of screaming | CAD6 |
| 07/14/2021 22:44:14 | ALechleitner | Narrative Added | c yelling help | CAD6 |
| 07/14/2021 22:44:11 | ALechleitner | Location | Cross streets updated, DEAD END / HIAWATHA RD, DRIVEWAY | CAD6 |
| 07/14/2021 22:44:10 | ALechleitner | Call Updated | Caller Added: First Name - VERIZON; Role - Inquiry; | CAD6 |
| 07/14/2021 22:44:10 | system user - New World Systems | Alerts Retrieval | Alerts Were Successfully Gathered For Location At Address 46.89574\|-114.09303 | NWPSCADPROD |
| 07/14/2021 22:44:09 | ALechleitner | Call Created | New call created. Call Type: >New Call<, Location: 46.89574\|-114.09303, Caller Phone: (406) ████████ Source: E911 (07/14/2021 22:44:00) | CAD6 |

Total Rows: 154

FILED
07/16/2021
Missoula County
Justice Court of Record

STATE OF MONTANA
By: Anneliese Brown
CR-610-2021-0003148
Beal, Alex

BRITTANY L. WILLIAMS
Deputy County Attorney
KIRSTEN H. PABST
Missoula County Attorney
Missoula County Courthouse
Missoula, Montana 59802
(406) 258-4737
ATTORNEYS FOR PLAINTIFF

IN THE JUSTICE COURT OF RECORD OF MISSOULA COUNTY,
STATE OF MONTANA

| | |
|---|---|
| STATE OF MONTANA,<br><br>Plaintiff,<br><br>-vs-<br><br>JARED GLENN BARTH,<br><br>Defendant. | Dept.<br><br>Cause No.<br><br>MANS No. 3200G2101183<br><br>**AFFIDAVIT OF PROBABLE CAUSE** |

STATE OF MONTANA    )
                 : ss
County of Missoula    )

BRITTANY L. WILLIAMS, Deputy County Attorney, Montana, being

first duly sworn upon oath, deposes and says:

I have read the law enforcement reports regarding the investigation of

JARED GLENN BARTH for allegedly committing the offense of:

COUNT I: ROBBERY, a felony, in violation of § 45-5-401, MCA.

I believe that the facts as set forth in the law enforcement reports, if true, constitute sufficient probable cause to justify the filing of the charges. Those facts are as follows:

On or about the 14th day of July, 2021, Missoula County Sheriff's Deputies responded to a disturbance in the area of Futurity Drive and Train Bridge Loop, in Missoula County. Deputy Baker responded and spoke with Mikhail "Mike" Bobko. Mike appeared distressed and was out of breath. Mike stated he owns an auto parts yard at 9301 Futurity Drive and had recently sold part to an individual who was named "Joe" or "Jay." Mike stated he had communicated with the individual via call and text and Mike provided the number for the individual.

Deputy Baker was advised by dispatch that the phone number was associated with Jared Barth, the above-named Defendant. Mike informed Deputy Baker that he had installed wheels on the Defendant's vehicle and he had sold the Defendant a few other parts for the Defendant's vehicle. The Defendant contacted Mike because he was upset that his vehicle was not driving right and he wanted a refund on the parts.

Mike set up a time to meet with the Defendant. Mike stated the Defendant was initially calm and rational and Mike agreed to take back the parts he provided and give the Defendant a refund. The Defendant then

asked for $45 for having his tires serviced at Tire Rama. Mike informed the Defendant that he would not cover that cost and the Defendant became angry.

The Defendant then pulled a knife on Mike and yelled "give me the money!" Mike stated the Defendant was holding the knife in his right hand and that the Defendant made a stabbing motion towards him and advanced towards Mike. Mike described the knife as approximately 6 inches and a folding style knife.

Mike stated he swung a flashlight toward the hand that the Defendant was holding the knife in. Mike further stated the Defendant was holding his cellphone in his left hand and that he dropped his phone. Mike picked up the phone and the Defendant began yelling for his phone, at which time Mike threw the phone and began running away from the Defendant. Mike stated the Defendant struck him several times in the back as he was running.

DATED this 16th day of July, 2021.

/s/ Brittany L. Williams
BRITTANY L. WILLIAMS
Deputy County Attorney

SUBSCRIBED AND SWORN TO before me, a Justice of the Peace, in and for the State of Montana, County of Missoula.

Electronically Signed By:
Hon. Judge Alex Beal
Fri, Jul 16 2021 11:04:07 AM

or knowingly putting Mikhail Bobko, in fear of immediate bodily injury, to wit:

brandishing a knife and making a stabbing motion, while stating "give me

the money."

DATED this 15th day of July, 2021.

/s/ Brittany L. Williams
BRITTANY L. WILLIAMS
Deputy County Attorney

COMPLAINT 21-2068

WILLIS HINTZ, Missoula County Sheriff's Office
KELAN LARSON, Missoula County Sheriff's Office
45-5-401 ~ Robbery



MONTANA STATE
**PUBLIC**
**DEFENDER**

610 N. Woody
Missoula, MT 59802
T: (406) 523-5140
Toll Free: (866) 395-8883

F: (406) 523-5141
Jail Line: (406) 523-5197

July 23, 2021

Jared Glenn Barth
Missoula County Detention Facility
2340 Mullan Road
Missoula, MT 59808

To apply online or for more
information, see our "Clients" page
at: *www.publicdefender.mt.gov*

**RE:   State of Montana v. Jared Glenn Barth**
**Cause No. DC-21-414**

We have received your case information from the Fourth Judicial District Court, Missoula County, Montana.

You <u>MUST</u> now do the following:

▣ Make an appointment with your attorney to discuss your case.

▣ Provide your attorney with a list of any potential witnesses in your case.

▣ Keep us updated with your current mailing address, email and phone number.

▣ Stay in contact with your attorney as often as your release conditions require.

### *IMPORTANT INFORMATION ABOUT YOUR CASE:*

- <u>Assigned Attorney</u>: Kelli S. Sather, 610 N. Woody Missoula, MT 59802, (406) 523-5140.

- **163133** is your Public Defender ID required to access your case information online on the Public Defender Client Portal located on our website at *https://publicdefender.mt.gov/clients*.

- <u>Next Court Date</u>: **July 26, 2021** at **9:00 am** in **4th District, Missoula, Dept 4.** *Your appearance at this hearing is required.* If you fail to appear at your hearing, a warrant may be issued for your arrest and you may lose your right to a jury trial.

- <u>Do Not Speak With Anyone About Your Case:</u> This includes talking to other inmates, law enforcement, witnesses and family or friends, posts on social media, speaking on the telephone or writing to anyone other than your attorney. Telephone calls at the jail are recorded and monitored. Anything you say will be used against you.

- Discovery/Evidence: Our office will request a copy of all evidence in your case called "Discovery" (e.g. police report, witness/victim statements, videos) from the prosecuting attorney and it may take a few weeks. Please make an appointment with your attorney to review this information.

*We provide effective professional legal services with equal access to quality client-centered representation.*



MONTANA STATE
**PUBLIC
DEFENDER**

610 N. Woody
Missoula, MT 59802
T: (406) 523-5140
F: (406) 523-5141
Toll Free: (866) 395-8883
Jail Line: (406) 523-5197

October 21, 2021

Jared Glenn Barth
2340 Mullan Road
Missoula, MT 59808

RE: *10/15/2021 Complaint Involving Stephanie McKnight*

Dear Mr. Barth:

I am writing in relation to your written complaint regarding Stephanie McKnight, received in our office on 10/15/2021. After reviewing your complaint, I have again consulted with Ms. McKnight's supervisor, Reed Mandelko, regarding the issues you raised. Ms. McKnight is an excellent attorney and is working hard to prepare your defense. I'm sorry there was a miscommunication regarding Dr. Scolatti's timing, but please keep communicating and working with Ms. McKnight so that she can provide you the best, most effective representation. As I said before, Ms. McKnight will continue to consult with you regarding the discovery in your cases and any meritorious motions that might be filed.

Sincerely,

Koan Mercer
Regional Deputy Public Defender
Office of the Montana Public Defender

Cc: Stephanie McKnight



MONTANA STATE
**PUBLIC
DEFENDER**

610 N. Woody
Missoula, MT 59802
T: (406) 523-5140
F: (406) 523-5141
Toll Free: (866) 395-8883
Jail Line: (406) 523-5140

September 28, 2021

Jared Glenn Barth
Missoula County Detention Center

**RE:** **State of Montana v. Jared Barth**
**Cause No: DC-21-414**

Dear Mr. Barth:

I got your message regarding Ms. McKnight. She has sent your reports from both your cases. I understand you gave away the discovery in your first case to a family member. We are happy to send you a new copy in that case. Additionally, Ms. Mcknight says she hasn't received a message from you on her phone recently. Be sure to leave a voicemail for her if you don't reach her when you call. I assure you she is working for you and your case.

Should you have questions, please be sure to call your attorney Stephanie McKnight at (406) 523-5140.

Sincerely,

Reed Mandelko
Office of State Public Defender



MONTANA STATE
PUBLIC
DEFENDER

610 N. Woody
Missoula, MT 59802
T: (406) 523-5140
F: (406) 523-5141
Toll Free: (866) 395-8883
Jail Line: (406) 523-5140

October 06, 2021

Jared Glenn Barth
2340 Mullan Road
Missoula, MT 59808

RE: *10/5/2021 Complaint Involving Stephanie McKnight*

Dear Mr. Barth:

I am writing in relation to your written complaint regarding Stephanie McKnight, received in our office on 10/5/2021. After ensuring Ms. McKnight had a chance to review and consider your complaint, I reviewed your case file and consulted with Ms. McKnight's supervisor, Reed Mandelko, regarding the issues raised in your complaint. Mr. Mandelko and I agree that Ms. McKnight is providing you effective assistance of counsel and that assignment of a new attorney is not warranted at this time.

Our office has sent you your discovery paperwork and will make it available to whomever you direct. Ms. McKnight will continue to consult with you regarding the motions to be filed in your case, but she is ethically required to use her professional judgment to only file those motions that she believes to be of potential merit and use in your case. I know your current situation is frustrating, but I urge you to continue to work with Ms. McKnight so that she can provide you the best defense possible in your case.

Sincerely,

Koan Mercer
Regional Deputy Public Defender
Office of the Montana Public Defender

Cc: Stephanie McKnight

# conflict report

10/7/21

Stephanie mcknight came today around 9:30 am. The day is oct 7/2021 I asked her why she lied to judge larson on 9/30/21 and she said "I though he just has not came yet" meaning the mental Health doctor which I seen right after court. She would not get the video the Jail has or my evidence I have in my personal property. She still won't file my motion she well not look at all my paperwork with me and she is not helping come up with a Defense. She has not given me my whole discovery again like I asked. She Said She has a degree in Technology but can not give example any thing about the ones I'm talking about was not able to see videos. She is not out for my best interest and she is giving me a inadequate defense. This is ineffective assistance of counsel

# Conflict report

9/15/21

I need help with getting a new lawyer. Stephanie mcknight will not do her Job. I have been asking her to send me my paperwork she said she had 8 weeks ago now I signed a relesse form for my mom to pick up the paperwork but she will not give it to her. She has told me for about the same 8 weeks she would come vist but has not yet. I have been asking her to file a few motions and she has not done so. I also asked to see the one motion she has filed before filing, have not seen but she filed it anyway. I can not get the Judge to look at my motions I have filed. please help me with this problem and thank for your time.

Jared Barth

Jared Barth Notes
Russell LaFountain / Stephanie McKnight
September 30, 2021

## Mental Status Examination and Behavioral Observations:

Jared Barth is a thirty-one (31) year-old, engaged, Caucasian male. Mr. Barth was clinically interviewed and psychologically assessed for approximately an hour at the Missoula County Detention Facility. For the examination Mr. Barth was dressed in the traditional orange jail jumpsuit. His hygiene and grooming were adequate. He did not exhibit any unusual behaviors, mannerisms, physical characteristics, or speech patterns.

Mr. Barth was cordial and cooperative during the assessment. He participated in all aspects of the assessment. During the evaluation, Mr. Barth displayed an appropriate range of affect, demonstrating a full band of emotions during the interview. The emotion experienced appeared to be congruent with the situations discussed. His demeanor was typically relaxed and congenial. Mr. Barth's verbal behavior appeared to demonstrate candid, spontaneous, and open communication. Overall, Mr. Barth's attitude and demeanor throughout the evaluation process seemed to be open, frank, and responsive.

Mr. Barth was oriented to person, place, and time. He correctly identified the city, county, state and location where he was at. Additionally, he knew his age, the year, season, month day of the week and date. His general fund of information was intact. He was able to identify the current president, first president, capital of Montana, number of days in a month and how many nickels are in a dollar. No apparent disturbances were noted in his attention and concentration during the interview. There were no indications of organic impairment, intellectual disability, or psychoses. Mr. Barth's intellectual ability was estimated to be average. Executive functioning problems not evidenced by poor planning and organization. Additionally, his judgment, reasoning and insight appeared to be adequate. Abstracting thinking was intact as Mr. Barth was able to correctly identify four (4) of four (4) similarities and two (2) of three (3) common sayings:

Auditory comprehension was intact with no apparent difficulties. His thought content was appropriate for the situation. Mr. Barth's memory processes were intact for immediate, short-term, and remote events. Mr. Barth's thoughts were coherent, and he expressed his ideas in a consistent and rational manner. There were no historical or current indications of delusions or hallucinations. Mr. Barth's clinical presentation and personal history does not suggest the presence of any mood disorder. Mr. Barth did not express any homicidal or suicidal ideation, plans, gestures, or past behaviors.

### Understanding of Legal Situation:

Utilizing the Competency to Stand Trial Guidelines, developed by the Group for the Advancement of Psychiatry, based on the *Dusky v. United States* (1960) standards and criteria for competency outlined in *Weiter v. Settle* (1961). Mr. Barth possesses the following psycholegal abilities:

1. Mr. Barth demonstrates an ability to be able to understand his current legal situation. Mr. Barth demonstrates an ability to understand the charges against him. Mr. Barth demonstrates an ability to understand the facts relevant to the case. Mr. Barth demonstrates an ability to disclose pertinent facts surrounding the alleged offense. When asked the charges against him, Mr. Barth was able to give a detailed account of the alleged robbery. He stated he was innocent of the charges.

2. Mr. Barth demonstrates an ability to understand the legal issues and procedures in his case.

3. Mr. Barth demonstrates an ability to understand legal defenses available in his behalf.

4. Mr. Barth demonstrates an ability to understand the dispositions, pleas, and penalties possible, nor does he demonstrate an ability to appraise the likely outcomes.

5. Mr. Barth has a good understanding of the roles of defense counsel, prosecuting attorney and judge. Mr. Barth related:

   Defense Attorney: "Stephanie, they are supposed to look at all the evidence, what I told them, formulate a case, formulate a defense to help me."

   Prosecuting/County Attorney: "I don't know the name. They are formulating a case against me. Trying to convict me of whatever crime is alleged."

   Judge: "Larson. He looks over the case. He hears the defense and plaintiffs arguments and he concludes and makes a judgment of guilty or not guilty and if guilty pronounces a sentence.

6. His ability to assist in his defense is adequate. He wants his attorneys to do more and does not really trust them. He demonstrates an ability to comprehend instructions and advice from his attorney; he demonstrates an ability to make decisions after receiving advice from his attorney and he demonstrates an ability to maintain a collaborative relationship with his attorney.

7. Mr. Barth demonstrates an ability to testify relevantly and be cross-examined if necessary.

8. Mr. Barth demonstrates an ability to tolerate stress at the trial and while awaiting trial

9. Mr. Barth demonstrates an ability to understand the dispositions, pleas, and penalties possible.

10. Mr. Barth demonstrates an ability to identify witnesses.

11. Mr. Barth demonstrates an ability to follow testimony for contradictions or errors.

12. Mr. Barth demonstrates an ability to protect himself and to utilize the legal safeguards available to him.

Respectfully,

Michael J. Scolatti, Ph.D.
Licensed Clinical Psychologist
OPD Mental Health Consultant

## CERTIFICATE OF SERVICE

I certify that I filed this

☐ Petition

☐ Motion

☒ Other  Writ of supervisory control
_[Name of document]_

with the Clerk of the Montana Supreme Court and that I have mailed or hand delivered a copy to each attorney of record and any other party not represented by counsel as follows:

Brittany L. Williams
_[Name of opposing counsel]_
199 West Pine
Missoula, MT 59802
_[Address]_

Counsel for State of Montana

Jared Barth
_[Other party representing himself or herself]_
Po box 99
Superior, MT 59872
_[Address]_

DATED this __2__ day of February , 20 22 .

_[Signature]_

Jared Barth
_[Print name]_



© Montana Supreme Court

# CERTIFICATE OF SERVICE

I certify that I filed this

☐ Petition

☐ Motion

☐ Other  <u>Writ of Supervisory Control</u>
[Name of document]

with the Clerk of the Montana Supreme Court and that I have mailed or hand delivered a copy to each attorney of record and any other party not represented by counsel as follows:

<u>Attorney General</u>
[Name of opposing counsel]
<u>PO box 201401</u>

<u>Helena, MT 59620</u>
[Address]

Counsel for <u>State of montana</u>

<u>Jared Barth</u>
[Other party representing himself or herself]
<u>Po box 99</u>

<u>Superior, MT 59872</u>
[Address]

DATED this <u>2</u> day of <u>february</u>, 20<u>22</u>.

<u>Jared Barth</u>
[Signature]

<u>Jared Barth</u>
[Print name]



© Montana Supreme Court